1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| **JOSE TRINIDAD LOPEZ,** | ) | **CV F 05-665 AWI** |
| **Petitioner**, | ) | **(CR F 02-5050 AWI)** |
| | ) | |
| **v.** | ) | **ORDER DENYING** |
| | ) | **PETITIONER'S MOTION FOR** |
| | ) | **HABEAS RELIEF** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | **(28 U.S.C. § 2255)** |
| **Respondent.** | ) | |
| | ) | |
| | ) | |

**INTRODUCTION**

Petitioner Jose Trinidad Lopez ("Petitioner") seeks relief under 28 U.S.C. section[1] 2255 from the sentence of 235 months that was imposed by this court on May 12, 2003, after his conviction following a jury trial wherein he was found guilty of conspiracy to manufacture and distribute methamphetamine and aiding and abetting, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A), 18 U.S.C. § 2, and one count of manufacture of methamphetamine, and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).  For the reasons that follow, Petitioner's motion pursuant to section 2255 will be denied.

---

[1] References to section numbers hereinafter refer to sections of Title 28 of the United States Code unless otherwise specified.

## FACTUAL AND PROCEDURAL HISTORY

In this multi-defendant drug manufacturing case, Petitioner was charged by superceding indictment to one count of conspiracy to manufacture and distribute methamphetamine, aiding and abetting in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A), and one count of manufacturing methamphetamine, aiding and abetting in violation of 28 U.S.C. §§ 841(a)(1).

Petitioner was convicted on both counts on January 16, 2003, following a jury trial. The jury made no factual finding as to the amount of methamphetamine attributable to Petitioner's role in either count. The Probation Department prepared a Presentence Investigation Report ("PSR") preparatory to the sentencing hearing on May 12, 2003. The PSR provided that the amount of actual methamphetamine seized in this case is 2.3 kilograms. Based on the amount of methamphetamine that was determined to be attributable to Petitioner, the PSR calculated a Base Offense Level of 38, and a criminal history category of I. PSR at 13, ¶ 54. The PSR concluded that Petitioner did not meet the requirements for the Safety Valve, U.S.S.G. § 5C1.2. Counsel presented no objections to the Probation Department's recommendations.

At Petitioner's sentencing hearing, on May 12, 2003, the court adopted the PSR's recommendations, as well as the computations of drug quantity as set forth in the PSR. The sentencing guideline range for a base offense level of 38 and criminal history category of I is 235 to 293 months custody. Petitioner was sentenced to the bottom of the range.

Petitioner filed notice of appeal to the Ninth Circuit Court of Appeals on May 14, 2003. On May 17, 2004, the appellate court filed a judgment affirming Petitioner's conviction. No petition for writ of certiorari was filed. Petitioner's motion to correct, amend, or set aside his sentence pursuant to section 2255 was timely filed on May 23, 2005. Petitioner filed a memorandum of points and authorities in support of his section 2255 motion on June 24, 2005.[2]

---

[2]Petitioner had filed concurrently with his section 2255 motion a motion for leave to file a memorandum of points and authorities in support of his motion. Before the court ruled on Petitioner's motion for leave, on July 11, 2005, Petitioner lodged his memorandum of points and authorities. Petitioner's memorandum of points and authorities is given full consideration by the court in its determination of Petitioner's 2255 motion.

**LEGAL STANDARD**

28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence."  Under section 2255, a district court must grant a hearing to determine the validity of a petition brought under that section, "[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief."  United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255) (emphasis in the original).  The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal."  United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir. 1996) (internal quotations omitted), cert. denied, 520 U.S. 1269, 117 (1997).  To earn the right to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief.  Id.  Mere conclusory statements in a section 2255 motion are insufficient to require a hearing.  United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980), cert. denied, 451 U.S. 938 (1981).

**DISCUSSION**

**I.  Right to Determination of Facts Enhancing Sentence**

Petitioner alleges he was denied the right to a determination by a jury of the quantity of methamphetamine that was attributed to him beyond a reasonable doubt for purposes of enhancement of his sentence in violation of the rule set forth in United States v. Booker, 543 U.S. 220, 243-244 (2005).  In Booker, the Supreme Court applied the rule first announced in Apprendi v. New Jersey, 530 U.S. 446, 490 (2000), and later applied to state sentencing guidelines in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531 (2004), to the federal sentencing guidelines.  Under Booker and Blakely, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts

1    established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a

2    jury beyond a reasonable doubt." <u>Booker</u>, 543 U.S. at 243-244.

3          The question that frequently arises in cases alleging violation of the rules announced in

4    either <u>Booker</u> or <u>Blakely</u> is, which case is relevant with respect to a defendant's right to the

5    determination of facts beyond a reasonable doubt that are used to enhance sentences in a *federal*

6    court?  Because the <u>Blakely</u> Court specifically addressed the Washington State sentencing

7    scheme, and because that decision specifically left open the application of the rule in <u>Apprendi</u>

8    in the context of the Federal Sentencing Guidelines, courts have held that the applicable rule in the

9    context of federal sentencing is found in <u>Booker</u>.  <u>See</u> <u>Lloyd v. United States</u>, 407 F.3d 608, 611

10   n.1 (3rd Cir. 2005) (in context of challenges pursuant to section 2255, it is appropriate to refer to

11   the "<u>Booker</u> rule").

12         Petitioner cites <u>Teague v. Lane</u>, 489 U.S. 288, 311 (1989) for the proposition that the rule

13   announced in <u>Booker</u> was made retroactive because it is "implicit in the concept of ordered

14   liberty."  <u>Teague</u> limited that language to "watershed rules of criminal procedure."  <u>Teague</u>, 489

15   U.S. at 311.  It is well established law in the Ninth Circuit that the rule in <u>Booker</u> is not a

16   watershed rule that may be applied retroactively on collateral review, but rather is a rule of

17   procedure that may not be applied retroactively to cases where the judgment was final before the

18   rule was announced.  <u>Schardt v. Payne</u>, 414 F.3d 1025, 1036-1038 (9th Cir. 2005); <u>see</u> <u>Lloyd</u>,

19   407 F.3d at 611 n.1 ("It is the date on which <u>Booker</u> issued, rather than the date on which <u>Blakely</u>

20   issued that is the 'appropriate dividing line'").  Thus, the threshold question is whether

21   Petitioner's conviction became final before or after the decision in <u>Booker</u> issued.

22         In establishing the date of final judgment for purposes of application of the rule in

23   <u>Booker</u>, the court applies the same calculation that is used to determine the date of final

24   judgment for purposes of determining the running of the statute of limitations.  <u>See</u> <u>Lloyd</u>, 407

25   F.3d at 612 (judgment is final upon expiration of time allowed to file petition for writ of

26   certiorari for purposes of applying rule in <u>Booker</u>).  For persons convicted in federal courts in

27

28                                              4

1 this circuit, "the one-year limitations period for a federal prisoner who does not file a petition for

2 a writ of certiorari begins to run when the time for filing the petition expires." U.S. v. Garcia,

3 210 F.3d 1058, 1060 (9th Cir. 2000).  The time for filling a petition of certiorari is 90 days after

4 entry of the court of appeals' judgment.  See Sup.Ct. R. 13; Id. at 1059.

5      In this case, Petitioner's conviction became final as of the end of the 90-day period

6 following the date his conviction was affirmed by the court of appeal.  Petitioner's conviction

7 was affirmed on May 17, 2004, and consequently his conviction became final on August 15,

8 2004.  The rule in Booker was issued on January 12, 2005, about five months after Petitioner's

9 judgment became final.  Because " Booker is not retroactive, and does not apply to cases on

10 collateral review where the conviction was final as of the date of Booker's publication," United

11 States v. Cruz, 423 F.3d 1119, 1121 (9th Cir. 2005), the court must find the rule in Booker does

12 not apply in Petitioner's case.  Because the rule in Booker does not apply, Petitioner is not

13 entitled to the determination by a jury of the amount of methamphetamine charged to him using

14 the standard of beyond a reasonable doubt.  Petitioner's motion to vacate or correct his sentence

15 on this ground will therefore be denied.

16 **II.  Ineffective Assistance of Counsel**

17      Petitioner alleges he received ineffective assistance of counsel on two occasions.  First,

18 Petitioner alleges he received ineffective assistance when his attorney failed to object that the

19 methamphetamine Petitioner was convicted of manufacturing was a Schedule III rather than a

20 Schedule II controlled substance.  Second, Petitioner alleges ineffective assistance when his

21 attorney failed to file a motion for downward departure from the sentencing guidelines based on

22 his purported limited role.

23      To establish a constitutional violation for the ineffective assistance of counsel, a

24 defendant must demonstrate (1) a deficient performance by counsel, and (2) prejudice to him.

25 United States v. Cochrane, 985 F.2d 1027, 1030 (9th Cir.1993).  To prove a deficient

26 performance of counsel, Petitioner must demonstrate that his attorney "made errors that a

27

28                           5

1  reasonably competent attorney acting as a diligent and conscientious advocate would not have

2  made." Butcher v. Marquez, 758 F.2d 373, 376 (9th Cir.1985). To show prejudice, Petitioner

3  must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional

4  errors, the result of the proceeding would have been different." Strickland v. Washington, 466

5  U.S. 668, 694 (1984). A court addressing a claim of ineffective assistance of counsel need not

6  address both prongs of the Strickland test if the plaintiff's showing is insufficient as to one

7  prong. Id. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of

8  sufficient prejudice, which we expect will often be so, that course should be followed." Id.

9  "A lawyer's zeal on behalf of his client does not require him to file a motion which he knows to

10  be meritless on the facts and the law." Lowery v. Lewis, 21 F.3d 344, 346 (9th Cir. 1994).

11  ### A. Failure to Object to Category of Methamphetamine

12  Petitioner's claim of ineffective assistance with respect to his attorney's failure to object

13  to the category of methamphetamine attributed to Petitioner fails to satisfy either prong of

14  Strickland. Petitioner argues that his sentence violates 21 U.S.C. § 841(b)(1)(D) which

15  establishes that the maximum sentence imposed on schedule III controlled substance is no more

16  than five years, and that the powdered methamphetamine Petitioner was convicted of

17  manufacturing is, under the initial schedules established by Congress in 21 U.S.C. § 812(c), a

18  schedule III drug. According to Petitioner, the U.S. Attorney General's recategorization of

19  powdered methamphetamine from schedule III to schedule II is improper. Petitioner's argument

20  has been rejected by the Ninth Circuit. See U.S. v. Kendall, 887 F.2d 240, 241 (9th Cir.1989)

21  (transfer of methamphetamine from Schedule III to Schedule II was valid). Because there is no

22  legal support for a motion to object to the categorization of the methamphetamine as a schedule

23  II drug, Petitioner's attorney did not err by failing to object to that categorization. See Lowery v.

24  Lewis, 21 F.3d 344346 (9th Cir. 1994) ("A lawyer's zeal on behalf of his client does not require

25  him to file a motion which he knows to be meritless on the facts and the law").

26  As to prejudice, under the Strickland test the petitioner has the burden of demonstrating

27

28                                                    6

that he suffered prejudice as a result of counsel's ineffective representation.  Petitioner can show

no prejudice from his counsel's failure to advocate an argument specifically rejected by the Ninth

Circuit.  The court cannot find "there is a reasonable probability that the outcome would have

been different as required under Strickland."  United States v. Parker, 173 Fed. Appx. 582, 589

(9th Cir. 2006).

Petitioner's claim of ineffective assistance of counsel with respect to the category of

methamphetamine fails to satisfy either the incompetence or prejudice prongs of the Strickland

test.

### B.  Ineffective Assistance Resulting from Failure to Bring Motion for Downward Departure

Petitioner alleges he suffered ineffective assistance of counsel when his attorney failed to

file a motion for downward departure from the sentencing guidelines, pursuant to 18 U.S.C. §

3553(b), based on his purported limited role in the offense.  Again, Petitioner's claim of

ineffective assistance of counsel fails to satisfy either the incompetence or prejudice prongs of

the Strickland test.

First, the PSR adopted by the court addressed and rejected the same factors that Petitioner

argues should have been brought on a motion for downward departure.  Petitioner argues that he

was merely convicted of aiding and abetting and that his role in the offense warranted a

downward departure from the sentencing guidelines.  Petitioner also argues that a downward

departure is appropriate because he did not know how to make methamphetamine, he did not sell

it, and that the amount seized from his garage was not foreseeable.  These facts have already been

considered by the court, which concluded that they did not warrant a departure from the

sentencing guidelines:

> USSG 3B1.1 and 3B1.2 provides an adjustment to the offense level
> based upon the role defendant played in committing the offense.  In
> view of all available information, it appears the defendant was an
> active participant in the actual manufacturing of
> methamphetamine.  Law enforcement officers observed the
> defendant's activities associated with entering and exiting of the

clandestine methamphetamine laboratory found within the garage.... Further ... defendant admitted to law enforcement officials that he had participated in the manufacturing process of methamphetamine in the garage of his residence ... The defendant's behavior in this case amply demonstrates he is not substantially less culpable than an average participant in such a crime.  The defendant made a conscious decision to allow his residence to be used as a place to manufacture methamphetamine.  Based on the defendant's active role in the offense as participant in the manufacturing of methamphetamine and the substantial amount of methamphetamine that was in the process of being produced, it appears the defendant was an essential participant in the offence.  Therefore, no adjustment for a mitigating ... role is warranted.

PSR at 7-8, ¶ ¶ 23-24.

An attorney cannot be held incompetent if he does not bring a motion for downward departure based on factors that have already been considered and rejected by the court as grounds for departure from the sentencing guidelines.

Similarly, there is no evidence of prejudice.  Even if Petitioner's attorney had brought the motion based on the facts alleged above, that motion would likely have been rejected.  Petitioner does not present any facts indicating that would allow the court to conclude the result would have been different.  Petitioner's sole contention is that his attorney did not file a motion for downward departure based on the same facts that were already considered and rejected in the PSR.  As above, without the allegation of facts that, if true, would indicate that the outcome of sentencing would have been different had the motion been brought, the court must conclude Petitioner has failed to make the required showing of prejudice.

The court finds Petitioner has failed to demonstrate that he received ineffective assistance of counsel at his sentencing hearing.

THEREFORE, in consideration of the foregoing, it is hereby ordered that Petitioner's motion to vacate, correct, or set aside his sentence pursuant to section 2255 is hereby DENIED. The clerk of the court shall CLOSE the case.

IT IS SO ORDERED.

Dated:   __October 4, 2007__                          _____/s/ Anthony W. Ishii_____
                                                       UNITED STATES DISTRICT JUDGE

8